IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SPRINT NEXTEL CORPORATION, et
al.,

      Plaintiffs,

                     CIVIL ACTION NO.

v.                   1:12-cv-2902-JEC

ACE WHOLESALE, INC., et al.,

      Defendants.

## PRELIMINARY INJUNCTION

This case is before the Court on Plaintiffs' Motion For
Preliminary Injunction And Memorandum Of Law In Support Thereof
[3]. Only defendants Ace, Floarea, and Archie[1] have filed a
response in opposition. Accordingly, plaintiff's motion is
deemed to be unopposed as to all other defendants.

## BACKGROUND

Plaintiffs Sprint Nextel Corporation and Sprint
Communications Company L.P. (collectively, "Sprint") brought the
above-captioned action against Defendants Ace Wholesale, Inc.,

---

    [1] Defendants Floarea and Archie have adopted the response of
defendant Ace.

Jason Floarea, Eric Mandreger, Dominick LaNore, Tony Archie, Jose Gunel, Barney Gunn, CopaTrade, Inc., and Moshe Alezra, alleging that Defendants are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and deceptive bulk purchase and resale of Sprint wireless telephones, including, but not limited to, the new iPhone 4S (collectively "Sprint Phones" or "Phones"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Based on that conduct, the Complaint asserts claims against the Defendants for breach of contract, civil conspiracy, conspiracy to induce breach of contract, federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, false advertising under the Lanham Act, violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq., common law fraud, fraudulent misrepresentation, common law unfair competition, unfair competition under O.C.G.A.

2

§ 23-2-55, unjust enrichment, tortious interference with prospective economic advantage, deceptive trade practices under O.C.G.A. § 10-1-372, et seq., and violations of the Georgia Computer Systems Protection Act under O.C.G.A. § 16-9-93, et seq.

With its Complaint, Sprint filed a Motion for a Preliminary Injunction, with a supporting declaration, exhibits, and accompanying memoranda of law.

**RESPONSE OF DEFENDANTS**

As noted, only defendants Ace, Floarea, and Archie have filed a response. As to defendants Ace, Floarea, and Archie, they argue that they should not be subject to a preliminary injunction because they have ceased all business operations, including the selling of Sprint telephones, as a result of the Government's raid on their business and its seizure of all inventory and records.

As plaintiff points out, however, defendants have not sworn to the above information. Moreover, plaintiff notes that since the raid, the defendant Ace's website is back on-line and it is advertising to sell Sprint telephones. Defendants have not filed any pleading contradicting plaintiff's assertion.

3

As the sole basis for defendants' opposition to a preliminary injunction is based on their inability to sell Sprint telephones as a result of the raid on their business and the cessation of business operations, they should not object to an injunction that directs them not to do what they say they are unable to do. More importantly, as defendants' representation to the Court appears to be disingenuous, given the re-advertising of Sprint telephones on their reactivated web site, equity strongly favors the granting of an injunction to prevent this activity.

Therefore, this Court, having considered the Complaint, declaration, exhibits, motions, memoranda of law, and further evidence submitted therewith, hereby:

**ORDERS, ADJUDGES,** and **DECREES** as follows:

1. Sprint's Motion for Preliminary Injunction is GRANTED.

2. Defendants Ace Wholesale, Inc., Jason Floarea, Eric Mandreger, Dominick LaNore, Tony Archie, Jose Gunel, Barney Gunn, CopaTrade, Inc., and Moshe Alezra, and each and all of their past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, respective

agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or his/its representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with any of the Defendants who receive notice of this Order, shall be and hereby immediately are ENJOINED from:

    a.   purchasing, selling, unlocking, altering, advertising, soliciting, using, and/or shipping, directly or indirectly, any Sprint Phones or products;

    b.   accessing, directly or indirectly, Sprint's internal computer systems;

    c.   unlocking of any Sprint Phone;

    d.   accessing, altering, erasing, tampering with, deleting, or otherwise disabling the software contained in any Sprint Phone;

AO 72A
(Rev.8/82)

e.  supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint Phones and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

f.  engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

g.  supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Preliminary Injunction, including, without limitation, the buying and/or selling of locked or unlocked Sprint Phones; and

h.  using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization.

3.  The purchase, sale or shipment of any Sprint Phone without Sprint's prior written consent within and/or outside of

6

the continental United States is and shall be deemed a presumptive violation of this injunction.

4. Any violation of the terms of this Injunction shall result in contempt and an order for payment of compensatory damages to Sprint in an amount of $5,000 for each Sprint Phone that a Defendant is found to have purchased, sold or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event a Defendant violates the terms of this Order.

5. The prevailing party in any proceeding to enforce compliance with the terms of this Preliminary Injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.


SO ORDERED, this 4th day of FEBRUARY, 2013.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)